■ DUNWOODIE COMMUNICATIONS, Appellant, v RUBIN R. NOTO et al., Respondents. [639 NYS2d 376]

By negotiating and entering into an agreement with the overlandlord, Park South, prior to 120 days before the expiration of the parties' sublease, plaintiff breached the unambiguous terms of the sublease (*see, Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 555). The 120 day restriction was a negotiated provision for the protection of defendant's interests.

The requested *Yellowstone* injunction was properly denied since plaintiff is unable to demonstrate its ability to cure its default (*see, Cemco Rests. v Ten Park Ave. Tenants*, 135 AD2d 461, *lv dismissed* 72 NY2d 840) and since this does not involve the termination of a lease but solely a rental abatement. We also note that the notice to cure in this case sufficiently apprised plaintiff of its default and its obligation to cure it.

We have considered plaintiff's other claims and find them to be without merit. Concur—Milonas, J..P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.